**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 6:23-CR-00205-04** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **LATHANIAS MCZEAL (04)** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

**MEMORANDUM ORDER**

Before the Court is the Government's request for detention of Defendant Lathanias McZeal. The Court conducted a detention hearing on September 11, 2023 and took the matter under advisement at the request of McZeal's counsel pending the resolution of unrelated matters in state court. Counsel has informed the Court that those matters have been resolved; therefore, the matter is now ripe for decision.

### I.     Background

McZeal is one of seven defendants named in a 16-count indictment charging multiple narcotics offenses and is charged in the following counts:

- Count 1—Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances (Methamphetamine);
- Count 5—Possession with Intent to Distribute Controlled Substances (Methamphetamine);
- Count 6—Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances (Fentanyl);
- Count 8—Possession with Intent to Distribute Controlled Substances (Fentanyl);
- Count 10—Conspiracy to Distribute and Possession with Intent to Distribute Controlled Substances (Heroin);

1

- Count 11—Possession with Intent to Distribute Controlled Substances (Heroin)
- Count 12—Possession to Distribute and Possess with Intent to Distribute Controlled Substances (Cocaine and Cocaine Base); and
- Count 14—Possession with Intent to Distribute Controlled Substances (Cocaine and Cocaine Base);

(Rec. Doc. 1). On September 7, 2023, an initial appearance and arraignment were held before Magistrate Judge Whitehurst where the Government requested detention and McZeal requested a detention hearing. (Minutes, Rec. Doc. 33). A detention hearing for September 11, 2023, was set for the same day and time. (Rec. Doc. 34).

Prior to the detention hearing, undersigned met with counsel during which counsel for McZeal informed the Court that McZeal had an unresolved bond obligation in state court that would be resolved in short order. Since the detention hearing was proceeding at the same time for Randall Thibodeaux, the Court agreed that it would be in the interest of judicial economy for McZeal and counsel to participate in the hearing to obviate having the agent testify again at a later date. The Court agreed with counsel's request and allowed counsel to cross-examine the case agent and present a proposed third-party custodian. The Court thereafter took the question of detention as it related to McZeal under advisement (Minutes, Rec. Doc. 40) and ruled that Thibodeaux remain in federal custody pending trial (Order of Detention Pending Trial, Rec. Doc. 39).

Special Agent Travis Coyman from the Drug Enforcement Administration testified at the hearing.[1] The Indictment resulted from DEA's investigation of a Drug Trafficking Organization (DTO) operating in Jennings, Louisiana. On March 2, 2023, the Jefferson

---

[1] SA Coyman's testimony addressed the involvement of defendants in the offense conduct who had not been arrested as of that date. The Court's summary of SA Coyman's testimony will reference only McZeal by name. McZeal and his counsel were present for the entirety of SA Coyman's testimony, and counsel cross-examined SA Coyman.

2

Davis Parish Sheriff's Office executed a search warrant regarding a co-defendant and recovered approximately three pounds of cocaine, approximately 3.6 pounds of methamphetamine, fentanyl, counterfeit oxycodone tablets, and firearms. Agents subsequently conducted wiretap surveillance of a cellular phone belonging to the alleged head of the DTO where numerous alleged members of the DTO were identified, including McZeal. Through the intercepts and surveillance, agents learned that the DTO distributed narcotics from two houses in Jennings. The investigation suggested to agents that McZeal maintained possession of a large quantity of narcotics at an unknown storage location.

Communications between McZeal and the alleged head of the DTO were intercepted concerning the acquisition of large quantities of narcotics by the head of the DTO from a location to which McZeal had access. Physical surveillance showed McZeal traveling to one of the aforementioned residences, then to the location of the alleged head of the DTO, then to a storage unit in Jennings. A traffic stop was attempted during which McZeal fled with a chase ensuing until McZeal stopped. The car that McZeal was driving was searched and yielded approximately five pounds of methamphetamine wrapped in plastic wrap, a firearm, and a key to a storage unit. Agents secured the storage unit until a search warrant was obtained with entry being affected with the key located in McZeal's vehicle. The storage unit was described as being approximately eight feet by ten feet and containing only narcotics in boxes, including approximately over 11,000 grams of methamphetamine, over 1,000 grams of fentanyl, and over 800 grams of heroin. The methamphetamine was described as being wrapped in the same type of plastic wrap as the methamphetamine recovered from McZeal's car. A search warrant was later executed at one of the aforementioned residences where agents recovered methamphetamine, counterfeit pills found to contain fentanyl, a vacuum seal machine, bags, and scales.

## II.     Applicable Standards

The Bail Reform Act of 1984, 18 U.S.C. § 3142, governs the release and detention of defendants awaiting trial.  A judicial officer may order a defendant detained pending trial only upon satisfying two prerequisites.  First, the officer must hold a hearing pursuant to a circumstance listed in 18 U.S.C. § 3142(f).  Second, after a hearing, the officer must determine whether the Government has shown by a preponderance of the evidence that "no condition or combination of conditions will reasonably assure the appearance of the person," or by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community."  18 U.S.C. § 3142 (e)(1), (f)(2).  *See United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992) ("For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance, or the safety of others in the community, is sufficient; both are not required.").  Section 3142(g) provides that a court shall consider four factors in determining whether a defendant poses a risk of flight or a danger to the community:  (1) the nature and circumstances of the offense charged; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

In some cases—including this case—a rebuttable presumption arises that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community."  18 U.S.C. § 3142(e)(3).  The rebuttable presumption arises upon a finding of probable cause to believe that the defendant committed an offense subject to a maximum term of imprisonment of ten years or more under the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*  18 U.S.C. § 3142(e)(3)(A). Probable cause exists when offenses under the Controlled Substances Act are charged in an indictment.  *United States v. Trosper*, 809 F.2d 1107, 1110 (5th Cir. 1987) ("It is therefore

4

clear that the presumption was properly applied to Trosper upon proof that he had been indicted under the Controlled Substances Act.").

Section 3142(e)'s rebuttable presumption "shifts to the defendant only the burden of producing rebutting evidence, not the burden of persuasion," which remains with the Government. *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989). If the defendant presents "evidence tending to rebut the presumption," the presumption "nevertheless remains in the case and is a factor to be considered." *United States v. Fortna*, 769 F.2d 243, 251. *See also Hare*, 873 F.2d at 798-99 ("[T]he court may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society."). If the defendant does not present evidence sufficient to rebut the presumption, the Court must still review the Section 3142(g) factors. *See United States v. Jackson*, 845 F.2d 1262, 1265 (5th Cir. 1988) (noting that the language of Section 3142(g) "mandates district court review of certain factors"). The statute creates "an unusual set of weights and measures in which the burden of persuasion is on the government, not the defendant, but the presumption may be weighed in the evidentiary balance." *Hare*, 873 F.2d at 799.

### III. Analysis

#### A. The Section 3142(e) presumption applies and has not been rebutted.

The rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community applies in this case. McZeal has been charged with narcotics violations in eight counts in which he is named.

The indictment provides probable cause to believe that McZeal committed the charged offenses. *See generally Trosper*, 809 F.2d at 1110 ("[T]he presumption against pretrial release arises when drug crimes are charged in the indictment."). Further, SA Coyman's testimony regarding the stop of McZeal's vehicle and later search of the storage

unit supports the finding of probable cause. Therefore, under 18 U.S.C. § 3142(e)(3)(A), the presumption applies in response to which McZeal was required to produce rebutting evidence.

To rebut the presumption, McZeal bears "only the burden of producting rebutting evidence, not the burden of persuasion." *Hare*, 873 F.2d at 798. However, the Court finds that McZeal has not produced evidence sufficient to rebut the presumption that no combination or conditions will reasonably ensure the public safety. McZeal proposed his fiancée of approximately three years, Pearl Eglin, as third-party custodian. Eglin admitted that she was aware that McZeal had been operating a vehicle with a suspended license. Eglin also testified regarding McZeal's employment at McDonald's and that she would drive him to and from work; however, McZeal was arrested subsequent to a traffic stop. The Court doubts Eglin's ability and willingness to ensure that McZeal would comply with any combination of conditions the Court would impose. In addition, the sheer quantity, variety and lethality of the narcotics located in the storage unit to which McZeal had the key as well as the fact that the proposed residence for pre-trial release is located in the same town reinforces the Court's conclusion.

### B. Application of Section 3142(g) factors

Given the Court's finding that the presumption applies and has not been rebutted, the next step in the analysis is the Section 3142(g) factors to determine whether the Government met its burden of proof.

#### i. Nature and circumstances of the charged offenses

The serious of the offenses with which McZeal is charged is obvious enough: eight counts involving the conspiracy to distribute and distribution of methamphetamine, fentanyl, heroin, cocaine, and cocaine base. If convicted, McZeal faces mandatory minimum terms of imprisonment on all charged counts, including ten years to life on Counts 1 and 5.

The severity of the potential sentences emphasizes the nature and circumstances of the charged offenses. In addition, the indictment and SA Coyman's testimony linked McZeal to a large-scale narcotics conspiracy.

### ii. Weight of the evidence

The Court must consider the weight of the evidence against McZeal. As discussed above, McZeal was arrested subsequent to a traffic stop during which narcotics and a key were recovered. The key accessed a storage unit containing a substantial quantity of narcotics. The strength of the Government's evidence of McZeal's involvement in serious criminal activity weighs in favor of detention.

### iii. History and characteristics of the defendant

McZeal's history and characteristics are also pertinent to the analysis. Relevant history and characteristics include "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A). Information regarding this factor is derived from the bond report and Eglin's testimony.

Most notably, McZeal has no prior felony criminal history. Aside from the arrest for the instant offenses, his criminal history consisted of traffic violations, albeit with two warrants for failures to appear. The bond report noted health issues and daily cannabinoid use under prescription. At the time of the offense, he was employed as a manager at McDonald's. He has four children from a prior marriage and maintains occasional contact with all of them. McZeal has family in and community ties to Jennings; however, it must be noted that the charged offense conduct took place in that same community. The Court finds that this factor is neutral.

### iv. Nature and seriousness of the danger posed by the defendant

The evidence presented at the hearing suggests that McZeal was a member of a large-scale DTO operating in the Jennings area. The sheer quantity of narcotics—including *fentanyl*—recovered from the storage unit for which McZeal had the key clearly suggests involvement in distribution. There can be no dispute that drug distribution on such a scale presents a significant and obvious danger to the public. *See Hare*, 873 F.2d at 798-99 ("[D]rug offenders pose a special risk of . . . dangerousness to society."). In addition to the obvious danger that such drug activity poses, the Court is not convinced that any condition or combination of conditions would prevent McZeal's involvement in such conduct and/or obstruction of justice with possible witnesses if placed in the custody of same person with whom he was living in the same residence where he was living and in the same town where he was living when the offense conduct took place. This factor weighs in favor of detention.

## IV. Conclusion

Upon examination of the relevant factors under Section 3142(g), the Court concludes that the Government proved by clear and convincing evidence that McZeal would present a danger to the community if released. The Court finds that no condition or combination of conditions of release would reasonably assure the safety of the community and, therefore, finds that the Government has satisfied its burden. McZeal will remain in the custody of the United States Marshals Service pending trial.

Signed at Lafayette, Louisiana on this 13th day of October, 2023.

DAVID J. AYO
UNITED STATES MAGISTRATE JUDGE